UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA CHAMPION-CAIN,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 24-cv-00194-JST<br><br>**ORDER DISMISSING CLAIMS NOS. 1-3; TRANSFERRING ACTION; DENYING REMAINING MOTIONS AS MOOT**<br><br>Re: ECF Nos. 15-18 |

Petitioner, a federal prisoner currently incarcerated at Federal Correctional Institution – Pekin in Pekin, Illinois, has filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Court DISMISSES Claim Nos. 1-3; TRANSFERS the remaining claim to the Southern District of California; and DENIES the remaining motions as moot, ECF Nos. 15-18.

**DISCUSSION**

**I.     Procedural Background**

Petitioner was convicted and sentenced in the Southern District of California, in Case No. 3:20-cv-02115. ECF No. 1 at 1. When Petitioner filed this habeas action in or around January 10, 2024, she was incarcerated at Dublin Satellite Camp Prison in Dublin, California. ECF No. 1. In mid-April 2024, the Bureau of Prisons closed FCI-Dublin and transferred most of the inmates to other institutions. Christopher Weber, "Senators demand accounting of rapid closure plan for California prison where women were abused," AP News (May 8, 2024, 5:06 PM), https://apnews.com/article/fci-dublin-california-prison-shutdown86b7284ca597d89269a1af301c02eed3 (last visited Sept. 28, 2025) (permalink: https://perma.cc/ED2Q-MB58). Petitioner is currently housed at the Federal Correctional

Institution – Pekin in Pekin, Illinois.  ECF No. 11.

## II. Order to Show Cause

On October 2, 2024, the Court screened the petition:

> Liberally construed, the habeas petition alleges that Petitioner's sentence is being carried out in a manner that violates the Eighth Amendment's prohibition on cruel and unusual punishment because (1) she was sexually abused by an FCI-Dublin prison guard; (2) she is being denied adequate medical treatment for her heart condition; (3) she was exposed to life-threatening levels of asbestos and other environmental toxins at FCI-Dublin; and (4) the sentencing court improperly rejected the prosecutor's 5K1.1 sentencing reduction motion.  Petitioner argues that the only appropriate relief is immediate release from prison to serve the remainder of her sentence in home confinement because she is at risk for retaliation from inmates and other prison staff, even at other facilities.  Petitioner states that over 25 prison staff members have recently transferred from FCI-Dublin to other BOP facilities, and that prison staff blame FCI-Dublin inmates for their transfer to other facilities, thereby requiring moving their families, and for the suicide of their colleague, FCI-Dublin officer Ramos.  Petitioner states that other inmates do not like "snitches," and that inmates at other facilities would be aware that Petitioner had filed suit regarding the conditions at FCI-Dublin, and they would target Petitioner for retaliation.  Petitioner also requests an emergency injunction prohibiting the Bureau of Prisons from transferring Petitioner to another BOP facility, arguing that she is not safe at any BOP facility because BOP staff would target her on behalf of the FCI-Dublin prison guard that abused her.

ECF No. 12 at 2.

The Court noted that the following deficiencies in the petition.  First, the petition does not challenge the validity of her confinement, nor does success on her claims legally require immediate release.  Petitioner's argument that she cannot be safely housed at any BOP facility because of the risk that staff and inmates will retaliate against her for filing this suit is a separate legal issue from whether she is legally entitled to immediate release if she were successful on her claims.  Second, the petition's first claim is duplicative of a claim Petitioner has brought in a separate civil rights action.  Third, the petition's third claim—that the levels of asbestos and environmental toxins at FCI-Dublin are life-threatening—is moot because Petitioner is no longer housed at FCI-Dublin.  Fourth, the petition's fourth claim – that the sentencing court improperly rejected the prosecution's 5K1.1 motion – must be brought in a habeas petition pursuant to 28 U.S.C. § 2255 in the sentencing court, which is the Southern District of California.  *See generally*

ECF No. 12 at 3-4. The Court ordered Petitioner to show cause why this petition should not be dismissed for either lack of federal habeas jurisdiction, or as moot, or as duplicative, or as improperly brought in a 28 U.S.C. § 2241 habeas petition. ECF No. 12.

Petitioner has filed a response to the Court's OSC, ECF No. 14; a motion for summary judgment, ECF No. 15; a supplemental motion to amend her petition, ECF No. 16; and a motion to compel a ruling, ECF No. 17. In these pleadings, Petitioner makes the following arguments.

*Federal Habeas Jurisdiction*. Petitioner argues that she has stated cognizable federal habeas claims because success on her claim regarding the failure to protect her from sexual abuse requires her release from custody. Petitioner argues that the abuse she suffered at FCI-Dublin demonstrates that the BOP is unable to protect her from sexual and physical abuse and thus "there are no set of conditions which would cure the constitutional violations" other than release from BOP custody. Petitioner further argues that because there is no remedy for the sexual abuse she has suffered, this claim is a challenge to the fact and extent of her custody, and not to her conditions of confinement.

*Mootness*. Petitioner argues that her Eighth Amendment claim regarding the sexual abuse she suffered at FCI-Dublin is not moot because Special Master Wendy Still and Judge Gonzalez-Rogers have concerns that the conditions at FCI-Dublin may be repeated at other BOP facilities. Petitioner reports that Still stated in a June 5, 2024 report that the problems that plagued FCI-Dublin "may be plaguing other federal prisons across the nation." ECF No. 14 at 2.

*Duplicative Claim*. Petitioner argues that the Eighth Amendment claim brought in this action is in addition to, and not duplicative of, the Eighth Amendment claim in her civil rights action because she seeks release from custody in this action, whereas she seeks money damages in her civil rights action. ECF No. 14 at 1; ECF No. 15 at 1.

*Duration of Custody*. Petitioner argues that this claim is correctly brought in a Section 2241 petition instead of a Section 2255 petition because she is challenging the execution of her sentence. Petitioner argues that this petition challenges the execution of her sentence because she is arguing that the value of the Promissory Notes she executed to assist the Receiver in recovering assets for her victims entitles her to at least 90.92% recovery credit against the net loss calculation,

3

1   pursuant to United States Sentencing Commission Guideline § 2B1.1 cmt. 3(D)(ii).  She argues

2   that the "yield" on her cooperation was not known at the time the 5K1.1 motion was made in

3   March 2021 because the value of the Notes was unclear at that time.  Petitioner argues that the

4   90% recovery rate warrants a reduction in her sentence that would result in her immediate release

5   from prison.

### III.   Dismissing Claim Nos. 1-3 and Transferring Remaining Claim

The Court dismisses Claim Nos. 1-3 for failure to state a cognizable claim for federal habeas relief, and transfers Claim No. 4 to the Southern District of California.

Claim Nos. 1-3 fail to state cognizable claims for federal habeas relief because success on these claims would not invalidate the legality of her custody.  A prisoner's claim is at the core of habeas corpus if (1) it directly challenges the constitutionality of the prisoner's physical confinement and seeks either immediate release from that confinement or the shortening of its duration, *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973), and (2) a successful claim would necessarily lead to the invalidity of the custody, *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024).

> Release is the only available remedy—and thus a claim is at the core of habeas—if a successful petition demonstrates that the detention itself is without legal authorization. . . . [T]he relevant question is whether, based on the allegations in the petition, release is legally required irrespective of the relief requested. . . . [C]ollapsing the habeas analysis into a simple inquiry of the requested relief . . . fail[s] to account for the historic purpose of the writ and misapprehend[s] the relationship between the nature of a claim and its requested relief.  Or, stated differently, a successful claim sounding in habeas necessarily results in release, but a claim seeking release does not necessarily sound in habeas.

*Id.* at 1072-73 (internal footnote omitted).  The dispositive issue is not what remedy Petitioner believes is required.  The question is whether these claims challenge the legality of her custody, i.e. the legal basis of her conviction.  Here, success on Claim Nos. 1-3—that Petitioner was sexually abused by an FCI-Dublin prison guard; denied adequate medical treatment for her heart condition; and exposed to life-threatening levels of asbestos and other environmental toxins at FCI-Dublin—do not demonstrate that her detention is without valid legal basis.  Claim Nos. 1-3 therefore fail to state federal habeas claims.  *See id.* (FCI-Dublin's failure to implement CDC

4

policies in response to COVID-19 failed to state federal habeas claim because did not constitute challenge to legality of detention and did not establish necessity for release; constitutional violations could be remedied in civil rights action). Accordingly, the Court DISMISSES Claim Nos. 1-3.

The Court TRANSFERS Claim No. 4 because, contrary to Petitioner's characterization, Claim No. 4 challenges her sentence and therefore must be brought in a Section 2255 motion in the sentencing court, and not in a Section 2241 habeas petition.

> A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions. In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence, as it encompasses claims that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

*Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (emphasis in original, internal quotation marks and citation omitted). Claim No. 4 does not challenge the execution of Petitioner's sentence, i.e. how prison officials calculated or are carrying out Petitioner's sentence. The relief sought by Petitioner can only be ordered by a court and cannot be ordered by prison authorities. The Court is unaware of any authority, and Petitioner has not cited any authority, that allows the Bureau of Prisons to *sua sponte* reduce a sentence based on an incarcerated person's cooperation with the government.[1] 28 U.S.C. § 2255 offers the exclusive mechanism for Petitioner to challenge to the validity of her federal sentence. Petitioner's claim that her sentence fails to account for her government assistance is a challenge to the validity of her sentence. Such challenges must be brought in a Section 2255 petition, and brought in the federal district where the conviction and sentencing occurred. *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

The "savings clause" of 28 U.S.C. § 2255(e) is not applicable here. Section 2255(e) allows

---

[1] Sentence reductions for substantial assistance are governed by Fed. R. Crim. P. 35(b). A Rule 35(b) sentence reduction requires a motion from the government and court approval. Fed. R. Crim. P. 35(b).

5

a federal prisoner to seek relief under Section 2241 if the remedy provided by § 2255 is "inadequate or ineffective," such as claim involving factual innocence that could not otherwise be brought. 28 U.S.C. § 2255(e). The savings clause exception is narrow, *see Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), and available only when the incarcerated person "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (citation omitted). Petitioner is not alleging actual innocence. Accordingly, the "savings clause" does not apply, and Petitioner may not bring this claim in a Section 2241 petition. This Court lacks jurisdiction over Claim No. 4, the sole remaining claim in this action. This petition is construed as a Section 2255 motion. Section 2255 motions must be filed in the sentencing court. *See* 28 U.S.C. § 2255(a) (motion under this section must be brought in "the court which imposed the sentence"); *see also Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

The Court must decide whether to transfer this action to the Southern District of California, the sentencing court, or to simply dismiss it. The transfer of civil actions to cure jurisdictional defects is governed by 28 U.S.C. § 1631. *Hernandez*, 204 F.3d at 865 n.6. Transfer is appropriate under Section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. *Cruz-Aguilera v. INS*, 245 F.3d 1070, 1074 (9th Cir. 2001). The first condition is met because this Court lacks jurisdiction over the remaining claim in the petition. The record is unclear as to whether the second condition has been met. 28 U.S.C. § 2255(f) imposes a one-year limitations period on filing a Section 2255 motion, with the one year period starting on the date the conviction became final or the date that the facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(1), (4). Here, Petitioner appears to be alleging that the Receiver's September 30, 2023 report alerted her to the fact that her cooperation with the government had yielded a 90% recovery rate, a fact which was unknown to the sentencing judge at the time the 5K1.1 motion was made. ECF No. 1 at 10. If the limitations period runs from the date the conviction became final, Petitioner's Section 2255 motion is barred. However, if the limitations period runs from the date she learned of the 90% recovery rate, and that date is September 30, 2023, this petition, filed on or about January 10,

2024, would be timely.  With respect to the third condition, the interests of justice weigh in favor of a transfer rather than a dismissal.  If this petition is dismissed, any subsequent Section 2255 petition may be untimely under Section 2255(f).  For these reasons, the Court finds that transfer of this action is appropriate.

## CONCLUSION

For the reasons set forth above, the Court ORDERS as follows.

1. The Court DISMISSES Claim Nos. 1-3 for failure to state a cognizable claim for federal habeas relief.

2. The sole claim remaining in this action is Claim No. 4 – the sentencing court improperly rejected the prosecutor's 5K1.1 sentencing reduction motion.

3. The Court construes the petition as a Section 2255 motion and transfers this action to the Southern District of California.

4. In light of the above, the Court DENIES as moot Dkt. Nos. 15-18.

This order terminates Dkt. Nos. 15-18.

**IT IS SO ORDERED.**

Dated:  September 29, 2025



JON S. TIGAR
United States District Judge